## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JODY ELLIOTT,<br>    PLAINTIFF | )<br>)<br>) |
| VS. | ) C.A.No 1:18-cv-11320 (DLC)<br>) |
| ATTORNEY TERRENCE KENNEDY,<br>LIEUTENANT GOVERNOR KARYN POLITO,<br>MASSACHUSETTS GOVERNORS COUNCIL,<br>AND GOVERNOR CHARLES BAKER,<br><br>    DEFENDANTS | )<br>)<br>)<br>)<br>)<br>)<br>) |

### DEFENDANT TERRENCE KENNEDY'S
### MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS

Defendant Terrence Kennedy ("Attorney Kennedy" or "Kennedy") moves to dismiss all counts against him pursuant to Rule 12(b)(1) and Rule (12)(b)(6) of the Federal Rules of Civil Procedure. Plaintiff Jody Elliot's ("Plaintiff" or "Elliot") complaint recites a myriad of irrelevant allegations interspersed with vague and conclusory allegations relating to Attorney Kennedy. It fails to state any claim on which relief can be granted. Moreover, to the extent that any claims can be discerned from this complaint, such claims would be based on Attorney Kennedy's actions in representing a client and are not a valid basis for liability.  Furthermore, Plaintiff's claims are barred by the applicable Statute of Limitations.

Factual Background

Attorney Kennedy is an attorney duly licensed to practice in the Commonwealth of Massachusetts.  At all relevant times, he represented Honor Segal (Segal), a former owner of Unit 2 at 163 North Street, Salem, MA, a three-unit condominium. The Plaintiff, Jody Elliot, resides in Unit 3 at 163 North Street, Salem, MA.  The condominium association that manages the building is known as the K Ward Handy Association.

1

In her Complaint, Plaintiff Jody Elliott alleges that Kennedy participated in a pattern of harassing acts and misused his political power to target Elliott with the intent of destroying her personal and professional life. It appears that all claims alleged in Elliott's complaint stem from her grievances against Kennedy in his representation of his client Honor Segal.

## ARGUMENT

I.   ALL CLAIMS AGAINST KENNEDY SHOULD BE DISMISSED FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED

A.   *The allegations within Plaintiff's Complaint Fail Because She Has Not Adequately Pled a Claim Upon Which Relief Can Be Granted.*

Plaintiff's conclusory allegations against Attorney Kennedy are insufficient to survive a motion to dismiss under Rule 12(b)(6). Complaints must show not merely a grievance but a violation of a legal right which belongs to the plaintiff and which the defendant has breached." *Donnelly v. Suffolk University*, 3 Mass. App. Ct. 788, 337 N.E. 2d 920 (1975), cert. denied 425 U.S. 955, 96 S. Ct. 1734, 48 L. Ed.2d 200 (1976). While Elliott's factual allegations are to be taken as true at the Rule 12(b) stage, "a plaintiff's obligation to provide the grounds of her entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombley*, 127 S. Ct. 1955, 1964-65 (2007). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949-50 (2009). Further, although as a *pro se* party Plaintiff's claims are held to less stringent standards than those drafted by an attorney, a pro se litigant must still allege facts that establish all the elements of her claim. *Ahmed v. Rosenblatt*, 118 F. 3d 886, 890 (1ᵗ Cir. 1997). "[B]ald assertions, unsupported conclusions, and opprobrious epithets" will not suffice. *Dartmouth Review v. Dartmouth College*, 889 F. 2d 13, 16 (1ᵗ Cir. 1989); see also *Byrd v. Ronayne*, 61 F. 3d 1026, 1030 (1ᵗ Cir. 1995) (quoting *Medina-Munoz v. R.J. Reynolds Tobacco Co.*, 896 F.2d 5, 8 (1ᵗ Cir. 1990) (dismissal on dispositive motion appropriate if the non-moving party relies "upon conclusory allegations, improbable inferences, and unsupported speculations" as to any essential element of her claim.) The "duty to be less stringent with pro se complaints does not require [the Court] to conjure up implied allegations." *McDonald V. Hall*, 610 F.2d 16, 19 (1ᵗ Cir. 1979).

Elliott has failed to set forth any legal right of action against Kennedy. The allegations in Plaintiff's Complaint center around Plaintiff's ownership interest at 163 North Street property, a condominium governed by the rules and regulations of the K. Ward Handy Condominium. The vague and unspecified allegations as regards Kennedy's representation of Honor Segal do not establish harassment or abuse or any recognizable cause of action.

"Federal Rule of Civil Procedure 8(a)(2) requires that a complaint contain 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to give the defendants fair notice of what the ... claim is and the grounds on which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). While *pro se* plaintiffs are not held to same strict standards as attorneys, "they also cannot be excused from compliance with the plain text of the federal rules." *Joseph v. Lopez*, No. 05-1640, 2007 WL 1135297, at *2 (D.N.J. Apr. 11 2007).

Even after taking into account Plaintiff's *pro se* status and reading the Complaint liberally, it is indisputable that Plaintiff's pleadings lack a "short and plain statement" of the grounds for jurisdiction and fail to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Plaintiff's extensive pleadings are confusing and contain mostly unintelligible allegations asserting a variety of seemingly unrelated claims and fail to provide defendants with fair or adequate notice of the claims against them or establish that Plaintiff is entitled to relief as required by Federal Rule of Civil Procedure 8(a)(2). *See Twombly*, 550 U.S. 544 at 555. Accordingly, the substantial deficiencies in Plaintiff's pleadings warrant dismissal pursuant to Federal Rule of Civil Procedure 12(b)(6).

### B. *Dismissal Pursuant to Rule 12(b)(1)*

Plaintiff's complaint is also subject to dismissal for lack of subject matter jurisdiction. Federal courts are of limited jurisdiction and are bound to determine whether they have jurisdiction even if none of the parties to an action have made a jurisdictional challenge. *Upp v. Mellon Bank, N.A.*, 510 U.S. 964 (1993). Pursuant to Federal Rule of Civil Procedure 12(b)(1), this Court must dismiss a complaint if the plaintiff fails to establish the Court has jurisdiction over the claim.

Plaintiff, as the party asserting jurisdiction, "bears the burden of showing that the case is properly before the court at all stages of the litigation." *Packard v. Provident Nat'l Bank*, 994 F.2d 1039, 1045 (3d Cir. 1993). Pursuant to 28 U.S.C. § 1331, federal district courts have jurisdiction over "all civil actions arising under the Constitution, law, or treaties

3

of the United States." "Federal question jurisdiction arises where federal law creates the cause of action, or where the complaint, on its face, poses a federal question." *Schneller ex rel. Schneller v. Crozer Chester Med. Ctr.*, 387 Fed. Appx. 289,292 (3d Cir. 2010) (citing *Club Comanche, Inc. v. Gov't of V.I.*, 278 F.3d 250,259 (3d Cir. 2002)).

Plaintiff does not assert a basis for the exercise of this Court's jurisdiction over the claims in her complaint. Plaintiff's only attempts to establish jurisdiction are found in Plaintiff's allegations of violations of "equal protection of the law", "right to due process" and Title 18 U.S. Code 1512.

Plaintiff bears the burden of establishing jurisdiction even though Plaintiff's complaint is held to a less stringent standard than formal pleadings drafted by lawyers. *Mitchell v. Horn*, 318 F.3d 523, 529 (3d Cir. 2003). "An action arises under the laws of the United States if and only if the complaint seeks a remedy expressly granted by a federal law or if it requires the construction of a federal statute or a distinctive policy of a federal statute requires the application of federal legal principles for its disposition." *Jayme v. MCI Corp.*, 328 Fed.Appx. 768, 770 (3d Cir. 2008).

While the complaint alleges that Plaintiff suffered injuries caused by Kennedy's use of his political position to violate plaintiff's civil rights, Plaintiff's pleadings and claims are confusing and it is difficult to discern their factual or legal basis. It appears that Plaintiff is basing her claims on Kennedy's representation of Segal from incidents involving the condominium and her fellow condo owners including criminal charges brought against Plaintiff for harassment and committing a hate crime. Plaintiff fails to specify how, if any, of her constitutional rights have been violated. The failure to establish a federal question precludes the court from exercising jurisdiction under 28 U.S.C. §1331.

Additionally, Plaintiff fails to adequately assert a basis for the Court to exercise diversity of citizenship jurisdiction over her claims. In order to establish jurisdiction under § 1332, there must be complete diversity among all the parties, which requires that each plaintiff be a citizen of a different state then each defendant. *Owen Equipment & Erection Co. v. Kroger*, 437 U.S. 365 (1978). The Plaintiff, as the party asserting federal jurisdiction, "must specifically allege each party's citizenship, and these allegations must show that the plaintiff and defendant are citizens of different states." *American Motorists Ins. Co. v. American Employers' Ins. Co.*, 600 F.2d 15, 16 (5ᵗʰ Cir. 1979); see also *Universal*

*Reinsurance Co. Ltd. V. St. Paul Fire & Marine Ins. Co.*, (224 F.3d 139, 141 (2d Cir. 2000). Although not specifically plead, it appears that all parties are citizens of the Commonwealth of Massachusetts. Consequently, plaintiff has failed to establish diversity or raise a federal question. Therefore, this Court lacks jurisdiction over this case.

### C. *Plaintiff Fails to Plead Sufficient Elements Necessary to State Cognizable Prima Facie Claims*

As set forth above, the facts in a complaint must sufficiently "'state a claim to relief that is plausible on its face.'" A.G. *ex rel.* Maddox v. Elsevier, Inc., 732 F.3d 77, 80 (1 Cir. 2013) (quoting Twombly, 550 U.S. at 570). Plaintiffs must plead "factual allegations, either direct or inferential, respecting each material element necessary to sustain recovery under some actionable legal theory." Gagliardi v. Sullivan, 513 F.3d 301, 305 (1 Cir. 2008). A "formulaic recitation of the elements of a cause of action" is not enough. Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). Similarly, a complaint must contain "more than labels and conclusions." Id. "The make-or-break standard ... is that the combined allegations, taken as true, must state a plausible, not a merely conceivable, case for relief." Dept. of Ed. of P.R., 628 F.3d 25, 29 (1 Cir. 2010).

Even if this Court were to conclude that Plaintiff has adequately raised a federal question to confer jurisdiction, Plaintiff's claims still must be dismissed. Both the 5th and 14th Amendments' due process protections only apply to governmental actors, not private citizens. Private citizens are not required to provide due process. Federal, state and local government officials and agencies are required to provide due process to those with whom they deal. However, the plaintiff never appeared before the Governor's Council nor did she ever have any dealings with Kennedy in his role as a member of the Governor's Council. Plaintiff's claims as regards a right of Equal Protection under the 14th Amendment do not provide a cause of action by an individual against another individual unless the individual's actions were done in his capacity as a government employee. The Amendment prohibits state action against an individual. Kennedy as a private individual is not the proper party to a claim of violation of the 14th Amendment. The Plaintiff alleges that Kennedy's position as a member of the Governor's Council in some way allows him to influence the judiciary, the press and state workers resulting in harm to the Plaintiff. These vague, illogical and unsupported allegations, stemming from what

5

appears to be Plaintiff's dissatisfaction with the majority vote of her condominium association, are not actionable.

Likewise, allegations claiming a violation by Kennedy of the Plaintiff's Right to Due Process do not set forth a viable cause of action. Kennedy was not a party to the court proceeding of February 3, 2015. He was, as alleged by Plaintiff, merely a proposed witness. The continuation of a court case in which Kennedy was not a party, did not request the continuance, nor was even present when the continuance was granted, cannot establish a cause of action against Kennedy. Additionally, Plaintiff has been involved in multiple court actions and has received procedural due process throughout. Plaintiff has not been deprived of any rights. She has always been at liberty to retain counsel and/or appeal adverse rulings. Furthermore, the fact that a court magistrate made a ruling not favorable to Elliott does not constitute a recognizable claim of action against Kennedy. Plaintiff fails to set forth the elements of an additional claim in either contract or tort. This claim must be dismissed.

With respect to the allegations that Kennedy violated Title 18 U.S. Code 1512, there is no private cause of action by an individual pursuant to this statute. This is a criminal statute wherein the government can prosecute individuals for behaviors set forth therein which are punishable by imprisonment and/or fines. Section 1512 of Title 18 constitutes a broad prohibition against tampering with a witness, victim or informant. It proscribes conduct intended to illegitimately affect the presentation of evidence in Federal proceedings or the communication of information to Federal law enforcement officers. It applies to proceedings before Congress, executive departments, and administrative agencies, and to civil and criminal judicial proceedings, including grand jury proceedings. *See* 18 U.S.C. § 1515(a)(1). Plaintiff has no right of action under this statute. *Cichocki v. Massachusetts Bay Community College*, Civil Action No. 12-10728-GAO, 2013 WL 783068, at *10 (D. Mass. Feb. 28, 2013); *Kalika v. Boston & Maine Corporation*, Civil Action No. 15-14043-GAO, 2018 WL 1093496, at *1 (D. Mass. Feb. 28, 2018); *Shahin v. Darling*, 606 F.Supp.2d 525, 538-539 (D. Del. 2009); *Gipson v. Callahan*, 18 F.Supp.2d 662, 668 (W.D.Tex.1997).

As regards Plaintiff's numerous claims of grievances against Honor Segal, they are not actionable against Kennedy. Honor Segal has a right to legal representation of her choosing. The

mere fact that Ms. Segal retained Kennedy as her counsel in regard to condominium issues as well as the civil action brought by Elliott does not set forth a cause of action for which relief can be given. Plaintiff alleges that Kennedy, as Ms. Segal's counsel engaged in a pattern of behavior that involved the Salem Police, Governors Counsel and District Courts. Again, Elliott fails to set forth a claim upon which relief can be granted. Elliott has not set forth any grounds upon which Kennedy would be held responsible for the actions of his client or any alleged third party tortfeasors.

In short, the factual allegations in this complaint do not "raise a right to relief above the speculative level," and therefore "this basic deficiency should ... be exposed at the point of minimum expenditure of time and money by the parties and the court." *Twombley*, 127 S. Ct. at 1965. 1966; see also *Brown v. Sweeney*, 526 F. Supp. 2d 126, 129 (D. Mass. 2007) (explaining that "conclusory statements do not satisfy" the *Twombley* standard because "they merely demonstrate a possibility and not a plausibility of entitlement to relief"). Moreover, the "claims" listed in the Complaint are not recognizable bases for relief, and amendment could not possibly ameliorate this deficiency. Because amendment would be futile, it should be dismissed without leave to amend. See *Glassman v. Computervision Corp.* 90 F. 3ʳ 617, 622 (1ˢ Cir. 1996).

### D. Attorney Kennedy's Statements in the Representation of His Client Do Not Constitute a Valid Basis for a Claim Against Him.

Any claims against Kennedy based upon his role as legal counsel must also be dismissed because they are based solely on statements made in the course of Attorney Kennedy's representation of his client, Honor Segal. Any statements made by a party, counsel or witness in the institution of or during the course of judicial proceeding "are absolutely privileged provided such statements relate to that proceeding." *Sriberg v. Raymond*, 370 Mass. 105, 108-09 (1978). Furthermore, the privilege attaches "where such statements are made by an attorney engaged in the function as an attorney whether in the institution or conduct of litigation or other communications preliminary to litigation." *Id.* at 109; *see also Doe v. Nutter, McClennen & Fish*, 41 Mass. App. Ct. 137, 141 (1996) citing *Frazier v. Bailey*, 957 F.2d 920, 932 (1ˢ Cir. 1992) ("[C]laims for negligence, defamation, intentional infliction of emotional distress... based upon communications preliminary to litigation and during [the] pendency of litigation [are] entitled to absolute immunity from civil liability under Massachusetts law.").

The Appeals Court demonstrated the breadth of this protection in its decision in *Doe v. Nutter, McClennen & Fish*, 41 Mass. App. Ct. 137, 140 (1996). There, an attorney sent a pre-litigation response to a demand letter under G.L. c. 93A directly to a client who was represented by counsel, in alleged violation of then applicable S.J.C. Rule 3:07, Canon 7, DR 7-104. *Id*. at 140-41. Moreover, the letter contained an allegedly bad faith threat. *Id*. Despite the seriousness of the alleged misconduct, the court held that the letter was privileged. *Id*. If the statements at issue are relevant to the litigation, the absolute privilege provides a complete defense even if the statements were false and "uttered maliciously or in bad faith." *Id*. at 140.

Kennedy emphatically denies the allegations set forth by Elliott as to any influence allegedly exerted by him upon any member of the judiciary for any purpose. However, even if Elliott's assertions are taken as true for purposes of this motion to dismiss, any statements or communications made by Kennedy in his representations of Honor Segal were during the course of litigation in his representation of his client. *See id*. Civil liability cannot be premised on such statements.

There is no question that Kennedy's involvement with the condominium association as counsel for Honor Segal was in contemplation of a judicial proceeding as to the unit owners' disagreement as to management of the building. In addition, Kennedy's statements in representing Ms. Segal as a victim in the Commonwealth's criminal harassment charges against Elliott were clearly made in the course of litigation.[1] There is no question that any actions undertaken by Kennedy were in the course of litigation and privileged. There is nothing in the complaint that alleges non-privileged actions. Consequently, these claims should be dismissed.

### E.  Plaintiff's Claims are Barred by the Governing Statute of Limitation

The Plaintiff's claims are barred by the applicable statute of limitations. Plaintiff is alleging civil rights violations against Kennedy. These civil rights claims are best characterized as personal injury actions and they are governed by the applicable state's statute of limitations

---

[1] It should be noted that several of plaintiff's allegations stemmed from criminal charges of harassment brought by the Commonwealth against Elliott. Kennedy was present in court on November 30, 2015 as counsel for Honor Segal, a victim. Kennedy, at the request of the Commonwealth, notified the court of his client's position, i.e. She did not want to pursue charges so long as Elliot refrained from any further contact. Consequently, charges against Elliot were dismissed. Elliott does not dispute these facts. Elliott does not have a constitutional right to litigate charges that have been dismissed.

for personal injury actions. _See Wilson v. Garcia, 471 U.S. 261, 280 (1985)_. Massachusetts General Laws, Chapter 260, §2A is applicable for the filing of almost all conceivable types of injury related lawsuits. This statute provides a three year statute of limitations. Likewise, M.G.L. Chapter 260, §4 also provides a three year statute of limitations for libel and slander actions. Accordingly, Massachusetts' three year limitations period on personal injury, libel and slander actions governs plaintiff's claims.

The allegations set forth in Plaintiff's Complaint relate to incidents and claims that occurred more than three years prior to Plaintiff's commencement of this lawsuit. Therefore, all claims of the Plaintiff are time barred and should be dismissed. Plaintiff's Complaint was filed on June 25, 2018. The claims upon which plaintiff base her complaint arise from Attorney Honor Segal's purchase of a condominium unit in June of 2013 and a July 8, 2013 association meeting. _See Plaintiff's Complaint, Facts #1, #4_. There are allegations that three months after Segal moved in (September of 2013), "Segal with the help of Terrence Kennedy, was using Association funds to legally threaten Plaintiff with lies and slander". _Complaint Facts, #13_. Libel and slander causes of action are subject to a three year statute of limitations. _See_ M.G.L. Chapter 260, §4.

Plaintiff's allegations continue with claims of verbal and physical harassment by Attorney Segal and Douglas Hein during the summer of 2013. Plaintiff details incidents concerning Attorney Segal during 2013 and 2014 as well as an incident involving Douglas Hein on November 6, 2013. There are also allegations of abuse by Christopher Patzke. _Complaint, Facts #10-28_. Kennedy is not mentioned as being involved in these incidents and it is unclear the relevance of the same or any actionable claims that could arise against Kennedy regarding these allegations. Suffice it to state that irrespective of the same, all these events occurring three plus years prior to the filing of the subject Complaint are time barred.

Plaintiff alleges that Kennedy was Attorney Segal's personal lawyer. _Complaint, Facts #29_. Thereafter, plaintiff sets forth claims of harassment that occurred during the summer and fall of 2014 involving Attorney Segal and Christopher Patzke. _Complaint, Facts #30-34_. Again, it is unclear as to the relevance of these allegations to Kennedy as he is not alleged to be the involved in the harassment or stalking of plaintiff's daughter set forth in these paragraphs.

However, once again the acts alleged occurred more than three years prior to the filing of the Complaint.

Plaintiff references an incident that occurred on October 8, 2014 involving Attorney Segal, not Kennedy. *Complaint Facts #32-34.* Plaintiff alleges that on October 9, 2014 she relayed the events of October 8, 2014 to her attorney and was "scared that threats of Attorney Honor Segal and Terrence Kennedy; to slander and disgrace her, to bankrupt her were going to happen". *Complaint, Facts #35.* Plaintiff does not detail where Kennedy made such threats or even the substance of the same. However, even if these facts are taken as true they occurred in October 2014 more than three years prior to plaintiff's filing of the subject action.

Plaintiff further asserts that in January of 2015 an arraignment was scheduled for her to appear on charges committing a hate crime and criminal harassment of Attorney Segal. Plaintiff also alleges she was scheduled for a hearing on February 2, 2015 at Salem Courthouse and the hearing was postponed to February 26, 2015. Plaintiff alleges that Kennedy by sitting across from plaintiff was intimidating her. *Complaint, Facts #41-43.* These events all occurred more than three years prior to plaintiff's filing of her complaint. The allegations of plaintiff's complaint dealing with events from February 27, 2015 to May 1, 2015 do not mention Kennedy, are not actionable and more importantly are also time barred by the statute of limitations. *Complaint, Facts #48-51,* M.G.L. Chapter 260, §2A. Again, even if all the allegations set forth by plaintiff are true and actionable, more than three years have elapsed from the date of these incidents and plaintiff's filing of her complaint. Consequently, these claims are time barred.

## CONCLUSION

In conclusion, the Plaintiff has failed to establish that this Court has jurisdiction. Furthermore, Plaintiff has failed to set forth any recognizable claims in which she has alleged a purported duty, breach of said duty with resulting harm, and damages for which the Defendant, Terrence Kennedy, could be found responsible. Dissatisfaction with the actions of her condominium association or with the rulings of court officials is not sufficient to create a cause of action. Furthermore, Kennedy, an attorney, cannot be sued for his communications and

statements made in his representation of a client.  In addition, all of plaintiff's claims are time barred by the applicable statute of limitations.

For the reasons set forth above, Defendant Terrence Kennedy respectfully requests that this motion be allowed and all claims of the Plaintiff Jody Elliott against Defendant Terrence Kennedy be dismissed without leave to amend the complaint.

WHEREFORE, Defendant Terrence Kennedy respectfully requests that the Court:

1. ALLOW this Motion to Dismiss and DISMISS all the Plaintiff's claims against Terrence Kennedy, in the entirety, with prejudice;
2. AWARD costs and reasonable attorneys' fees; and
3. ENTER such other and further relief as is just and meet in the circumstances.

Respectfully submitted,
The Defendant, Terrence Kennedy,
By his attorney,


/s/ Peter V. Bellotti
Peter V. Bellotti, Esq., BBO#544713
BELLOTTI LAW GROUP, P.C.
Schrafft Center
529 Main Street, Suite 128
Boston, MA 02129
(617) 225-2100
pvb@bellottilaw.com

Dated: August 9, 2018

## CERTIFICATE OF SERVICE

I, Peter V. Bellotti, Attorney for Terrence Kennedy, hereby certify that I have this day, August 9, 2018 served the foregoing Motion to Dismiss and Memorandum of Law in Support of Motion to Dismiss. Upon all parties, by electronically filing to all ECF registered parties and by sending a copy, first class mail, postage paid to all unregistered parties.

/s/ Peter V. Bellotti
Peter V. Bellotti, Esq., BBO#544713
BELLOTTI LAW GROUP, P.C.
Schrafft Center
529 Main Street, Suite 128
Boston, MA 02129
(617) 225-2100
pvb@bellottilaw.com