UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| JODY ELLIOTT, | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 1:18-cv-11320 (DLC) |
| | ) | |
| ATTORNEY TERRANCE KENNEDY, | ) | |
| LIEUTENANT GOVERNOR KARYN POLITO, | ) | |
| MASSACHUSETTS GOVERNOR'S COUNCIL, | ) | |
| AND GOVERNOR CHARLES BAKER, | ) | |
| Defendants. | ) | |

## MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS GOVERNOR CHARLES BAKER, LIEUTENANT GOVERNOR KARYN POLITO, AND THE MASSACHUSETTS GOVERNOR'S COUNCIL

Pursuant to Mass. R. Civ. P. 12(b)(1) and (6), defendants Governor Charles Baker, Lieutenant Governor Karyn Polito, and the Massachusetts Governor's Council (collectively, the "Commonwealth Defendants"), respectfully request that this Court dismiss all claims against them in this matter. The Complaint alleges that Plaintiff had a legal dispute with her neighbor and that during that legal dispute her former neighbor's attorney, co-defendant Terrance Kennedy, harassed Plaintiff and engaged in acts that violated her due process and equal protection rights. The Complaint further claims that by supporting and/or ignoring actions allegedly taken by Kennedy, who also happens to be a member of the Governor's Council, the Commonwealth Defendants violated her civil rights and that certain online comments made by the Governor's Council violated 18 U.S.C. § 1512, a federal witness tampering statute. All of these claims are legally and factually deficient.

First, all claims against the Commonwealth Defendants must be dismissed because under the Eleventh Amendment the Federal Court lacks jurisdiction to hear them. Second, even if the

Court had jurisdiction, Plaintiff's claims fail as a matter of law.  18 U.S.C. § 1512 is a federal

criminal statute that does not provide Plaintiff with a private right of action and the

Commonwealth Defendants are not "persons" subject to suit under 42 U.S.C. §1983.  Lastly,

even if Plaintiff could legally proceed with her claims against the Commonwealth Defendants,

the Complaint fails to provide a factual basis for any such claims.

For all these reasons, the claims against the Commonwealth Defendants should be

dismissed.

## BACKGROUND[1]

The Complaint in this matter was filed on June 25, 2018. *See* Compl.  The vast majority

of the factual allegations in the Complaint relate to either 1) a long and highly contentious

dispute between Plaintiff and her condominium neighbors, including a woman by the name of

Honor Segal or 2) Attorney Terrance Kennedy's legal representation of Ms. Segal in connection

with that dispute. *See Id*. at Intro. Section ¶¶ 2-8 and Facts Section ¶¶ 1-71.  In sum, Plaintiff

contends that during the course of her dispute with her neighbors, Kennedy and Segal (who is

not named as a defendant) "violated Plaintiffs civil rights through malicious harassment,

enforcing financial loss and lying to the Salem Police Department with the intent of having

Plaintiff falsely charged with 2 counts of criminal harassment and a hate crime." *See Id*. at Intro.

Section ¶ 2.  Plaintiff's claims against the Commonwealth Defendants are based upon the fact

that Terrance Kennedy also happens to be an elected member of the Governor's Council. *Id*.

The Complaint list three causes of action: 1) violation of Plaintiff's right to "equal

protection under the law, 14th Amendment;" 2) violation of Plaintiff's "right to due process;"

and 3) "Violation of Title 18 U.S. Code 1512." *Id*. at 2.  The Complaint indicates that Plaintiff's

---

[1] The facts in the Complaint are taken as true for purposes of this motion only.

"civil rights" claims are brought against all of the defendants, but it appears that her "18 U.S. Code 1512" claim is only brought against the Governor's Council. *See Id*. at 2, 14, 20.

The Complaint alleges that the Governor and Lt. Governor failed to stop Kennedy's "harassment" of the Plaintiff. *Id*. at Intro. Section ¶ 9 and Facts Section ¶ 72. Specifically, it states that Plaintiff "requested help from Governor Baker" and "informed" Lt. Gov. Polito about Kennedy's "harassment" but they both "ignored her requests for help." *Id*.

As for the Governor's Council, Plaintiff alleges that it gave "support" to Kennedy and Segal's "harassment" and "violation of her civil rights." *See Id*. at Intro. Section ¶ 2. As evidence of this "support", Plaintiff points to comments that were posted on a page of the website YouTube.com. *See* Compl. at Facts Section ¶ 75; Compl. Ex. 53. Based on the copy of the page attached to the Complaint, it appears that a YouTube user by the name of "Governors Council" posted a video taken at the December 6, 2016 Governor's Council's hearing during which the council addressed the nomination of Honor Segal to become an Administrative Judge at the Massachusetts Department of Industrial Accidents. *Id*. Plaintiff, using the username "Jody Elliot" posted comments below the video expressing her displeasure with Ms. Segal's nomination. *Id*. The user named "Governors Council" then posted a lengthy response to her comment.[2] *Id*. Plaintiff interprets that response as a "veiled threat" and attempt to harass her. *Id*. She is particularly upset by the fact that the response includes a link to a news article from the Salem News which reported that Plaintiff was, at one time, facing criminal charges of harassment and civil rights violation in connection with her dispute with Ms. Segal and her other

---

[2] This username is not legible on the copies of Ex. 53 filed with the Court or served on the Commonwealth Defendants. For purposes of this motion only, Commonwealth Defendants assume that the illegible username is the same "Governors Council" used by the person who posted the video.

neighbors.[3] *See* Compl. at Facts Section ¶ 75; Compl. Ex. 47 and 53.  Plaintiff contends that

through this response to her online comments, "[t]he Governor's Council was encouraging the

public to read this fictional exposé as the truth and discredit Plaintiff." *See* Compl. at Facts

Section ¶ 75.  In addition to this alleged online harassment, Plaintiff alleges that the Governor's

Council was "aware that Plaintiff was in Federal Court at the time seeking remedy from Attorney

Honor Segal" and therefore, she claims its conduct violated 18 U.S.C § 1512, which makes it a

crime to tamper with a witness in federal court proceedings. *See Id*. at Into. Section ¶ 9 and Facts

Section ¶ 75.

Plaintiff alleges $615,000 in damages and requests that the Court "instruct the Governor's

Council to remove the Salem News Article" from the YouTube page. *Id*. at 20.[4]

## ARGUMENT

To survive a motion to dismiss, a complaint must establish "a plausible entitlement to

relief" from the named defendants.  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 559 (2007).

"While a complaint attacked by a ... motion to dismiss does not need detailed factual allegations

... a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than

labels and conclusions." *Twombly*, 550 U.S. 544, 555 (2007).  The factual allegations "must be

enough to raise a right to the relief above the speculative level ... [based] on the assumption that

all the allegations in the complaint are true (even if doubtful in fact)." *Id*.

It is axiomatic that every complaint must proffer "more than a sheer possibility that a

defendant has acted unlawfully," "an unadorned, the defendant-unlawfully-harmed me

accusation," or mere "labels and conclusions or formulaic recitations of a cause of action."

---

[3] The version of the article that Plaintiff attached to the Complaint includes an update which reports that the charges against her were ultimately dismissed. *See* Compl. Ex. 47.
[4] The Complaint also includes several "suggestions" but does not ask the Court to take any action to enforce those "suggestions."  *See* Compl. at 18-19

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  Nor does a complaint suffice if it tenders "naked

assertion[s]' devoid of 'further factual enhancement."  *Id.* (*citing Twombly*, 550 U.S. at 555,

557).  Rather, a claim has "facial plausibility when the plaintiff pleads factual content that allows

the court to draw the reasonable inference that the defendant is liable for the misconduct

alleged." *Id.* (*citing Twombly*, 550 U.S. at 555, 556).

### I.  PLAINTIFF'S CLAIMS AGAINST THE COMMONWEALTH DEFENDANTS MUST BE DISMISSED BECAUSE THIS COURT HAS NO JURISDICTION UNDER THE ELEVENTH AMENDMENT

Plaintiff's claims against the Commonwealth Defendants should be dismissed pursuant to

Fed. R. Civ. P. 12(b)(1) because this Court lacks subject matter jurisdiction pursuant to the

Eleventh Amendment.

The Eleventh Amendment to the U.S. Constitution provides that "[t]he Judicial power of

the United States shall not be construed to extend to any suit in law or equity, commenced or

prosecuted against one of the United States by Citizens of another State, or by Citizens or

Subjects of any Foreign State." U.S. Const. Amend. XI.  The Eleventh Amendment also bars

suits brought for money damages in federal court against a state by its own citizens. *Hans v.*

*Louisiana*, 134 U.S. 1, 10 (1890).  In the absence of consent or abrogation, the Eleventh

Amendment prohibits a federal court case in which the state or one of its agencies or departments

is the named defendant. *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984)

("It is clear, of course, that in the absence of consent a suit in which the State or one of its

agencies or departments is named as the defendant is proscribed by the Eleventh Amendment.")

The Complaint alleges that Commonwealth Defendants' action violated Plaintiff's rights

under the Fourteenth Amendment to the United States Constitution. Compl. at 2.  Assuming

Plaintiff intended to bring a claim under 42 U.S.C. § 1983, that claim is barred under the

Eleventh Amendment.[5]  It is well settled that Congress did not abrogate, nor has the

Commonwealth waived, its Eleventh Amendment immunity for civil rights claims brought under

42 U.S.C. § 1983.  *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 66 (1989) ("Congress, in

passing § 1983, had no intention to disturb the States' Eleventh Amendment immunity…");

*Coggeshall v. Mass. Bd. Of Registration of Psychologists*, 604 F.3d 658, 662 (1st Cir. 2010)

(holding Massachusetts state board of registration of psychologists, as arm of state government,

enjoyed Eleventh Amendment immunity from § 1983 suit seeking money damages).

Accordingly, the civil rights claims brought against the Commonwealth Defendants must be

dismissed.[6]

As outlined below, 18 U.S.C § 1512 does not provide a private right of action. *See* § 2.a.,

*infra*.  Even if it did, for the same reasons that the Eleventh Amendment precludes Plaintiff's

civil rights claims it would also preclude any claim made against the Commonwealth Defendants

under 18 U.S.C § 1512.  *See Pennhurst v. Halderman*, 465 U.S. at 100.

Since the Court lacks jurisdiction to hear any of Plaintiff's claims against the

Commonwealth Defendants, all such claims must be dismissed with prejudice.

---

[5] Plaintiff does not have independent causes of action for alleged violations of the Constitution.  Instead, 42 U.S.C. § 1983 is "the vehicle for remedying violations of federally protected rights." *Faust v. Coakley*, 2008 WL 190769, at *2 (D. Mass. 2008) (*citing Albright v. Oliver*, 510 U.S. 266, 271 (1994) (plurality opinion)).  Plaintiff's failure to bring a claim pursuant to 42 U.S.C § 1983 is itself grounds for dismissal. *Id.*

[6] While there is a limited exception to Eleventh Amendment immunity when state officials are sued for prospective injunctive relief, *See Ex parte Young*, 209 U. S. 123, 159-160 (1908); *Will v. Michigan*, 491 U.S. 58 at 71, *Kentucky v. Graham*, 473 U.S. at 473 U. S. 167, n. 14. (1985), the Complaint does not expressly demand prospective injunctive relief under § 1983.  Although the Plaintiff requests that "the court to instruct the Governor's Council to remove the Salem News article [from the YouTube page]," even assuming the Governor's Council controlled the YouTube page, it appears that the link to the Salem News article, as well as the video of Honor Segal's hearing and related comments, has already been removed from the page. *See* Exhibit A, copy of webpage listing videos posted by YouTube user "Governors Council" as August 10, 2018.  As such, Plaintiff's requested injunctive relief is now, at best, moot.

II.     **PLAINTIFF'S CLAIMS AGAINST THE COMMONWEALTH DEFENDANTS SHOULD BE DISMISSED PURSUANT TO RULE 12(B)(6) BECAUSE THEY ARE LEGALLY DEFICIENT.**

a)  Plaintiff's "Witness tampering" Claim Must be Dismissed Because There is No Private Right of Action Under 18 U.S.C § 1512.

Based on her assumption that the YouTube account "Governors Council" was operated by the actual Governor's Council, Plaintiff alleges that the council violated 18 U.S.C § 1512, a criminal statute that prohibits tampering with a witness in federal court proceedings.  *See* Compl. at Intro. Section ¶ 9 and Facts Section ¶ 75.  Even if Plaintiff's assumption is correct, 18 U.S.C § 1512 does not give her a private right action.[7]  This witness tampering statute is a purely criminal statute and does not give the witness a right to bring a civil action against the person who allegedly tampered them and/or their testimony. *Cichocki v. Massachusetts Bay Community College*, Civil Action No. 12-10728-GAO, 2013 WL 783068, at *10 (D. Mass. Feb. 28, 2013) (citations omitted) (finding that 18 U.S.C. § 1512 does not provide a private cause of action); *Kalika v. Boston & Maine Corporation*, Civil Action No. 15-14043-GAO, 2018 WL 1093496, at *1 (D. Mass. Feb. 28, 2018) (*citing Cichocki* and finding the same); *Shahin v. Darling*, 606 F.Supp.2d 525, 538-539 (D. Del. 2009); *Gipson v. Callahan*, 18 F.Supp.2d 662, 668 (W.D.Tex.1997).  For this reason, any "witness tampering" or other claims brought by Plaintiff pursuant to 18 U.S.C § 1512 should be dismissed with prejudice.

b)  Plaintiff's Civil Rights Claims Should be Dismissed Because the Commonwealth Defendants are not Persons Subject to Suit under 42 U.S.C. § 1983

The Governor, Lt. Governor, and Governor's Council are all entities and/or officials of the Commonwealth of Massachusetts and the Complaint itself specifically names them in their

---

[7] The Commonwealth Defendants do not concede that the alleged statements would rise to the level of "harassment" or that Plaintiff's allegations, if true, would meet the elements of "witness tampering" under 18 U.S.C. § 1512. They reserve their right to challenge the substance of this "witness tampering" claim at a later date, if necessary.

official capacities. *See* Compl. at 1.[8]  It is well settled that neither states, state governmental

entities, nor state officials, acting in their official capacity, are "persons" subject to suit under 42

U.S.C. § 1983.  *See Will v. Michigan*, 491 U.S. at 70-71; *Pennhurst v. Haldeman*, 465 U.S. at

120; *Edelman v. Jordan*, 415 U.S. 651, 663 (1974).  For this reason, the Complaint fails to state a

viable civil rights claim against the Commonwealth Defendants and any such claims against

them should be dismissed.

### III.        THE CLAIMS AGAINST THE COMMONWEALTH DEFENDANTS SHOULD BE DISMISSED PURSUANT TO RULE 12(B)(6) BECAUSE THE COMPLAINT LACKS A FACTUAL BASIS FOR THOSE CLAIMS

   a) Plaintiff does not allege sufficient facts to state a claim against the Governor and Lt. Governor

Plaintiff does not allege any facts which warrant any sort of claim against the Governor

or Lt. Governor.  The Complaint does not allege a single act taken by either them. *See* Compl.

The sole allegation against the Governor or Lt. Governor is that they "ignored" complaints that

she sent them regarding Terrance Kennedy. *Id*. at Intro. Section ¶ 9 and Facts Section ¶ 72.  Even

if this is true, the Complaint does not explain why the Governor or Lt. Governor were obligated

to respond to her complaints or why they are at all responsible for alleged actions of Terrance

Kennedy. *See Id*.  All of Kennedy's alleged actions were clearly taken while he was acting in his

capacity as a private attorney. *See Id*.  As the Plaintiff herself recognizes, the authority and duties

of members of the Governor's Council do not include their legal practice or other private acts.

*See Id*. at Intro. Section ¶ 1 (stating that the Council is "designed to assist [the Governor] in the

appointment of Judges and other Political Positions for the State of Massachusetts.").[9]

---

[8] There is also nothing in the Complaint which relates to actions taken by the Commonwealth Defendants outside their official duties. *See* Compl.

[9] The authority of the Governor's Council's is broader than stated by Plaintiff but still clearly does not include a member's legal practice or private acts.  *See* Part II, c. 2, § 1, arts. 8, 9 and 11, of the Constitution of the

Even if the Complaint were legally proper, given Plaintiff's failure to offer a factual basis for any cause of action against the Governor or Lt. Governor, all claims against them should be dismissed.

  b) Plaintiff Fails to Allege Any Facts Plausibly Suggesting that the Commonwealth Defendants Violated Her Civil Rights

The Complaint also fails to allege any facts as to how the Commonwealth Defendants violated her "equal protection" and "due process" rights. *See* Compl.  The Complaint does not provide a basis for an equal protection claim because it does allege facts which suggests that Plaintiff was treated differently from similarly situated persons. *See Thayer v. City of Worcester,* 979 F.Supp.2d 143, 159 (D. Mass. 2013) ("The threshold element of an equal protection claim is disparate treatment.")  It does not provide a basis for a procedural due process claim because it does not allege that the Commonwealth Defendants interfered with a liberty or property interest nor that Plaintiff was denied sufficient "procedures attendant upon that deprivation." *See González–Fuentes v. Molina*, 607 F.3d 864, 886 (1st Cir. 2010) (quoting *Kentucky Dep't of Corrections v. Thompson*, 490 U.S. 454, 460, (1989)).  Lastly, it does not provide a basis for a substantive due process claim because it does not allege that the Commonwealth Defendants engaged in the type of "conscience shocking" behavior required to bring a substantive due process claim.[10] *See Martínez v. Cui*, 608 F.3d 54, 64 (1st Cir. 11 2010) ("[t]he shocks-the-conscience test ... governs all substantive due process claims based on executive, as opposed to

---

Commonwealth (giving the council authority to approve or disapprove the appointments of all judicial officers and pardons and requiring consent of the Council for the authorization of all expenditures from the State Treasury); arts. 9 and 17 of the Amendments to the Massachusetts Constitution (giving the council authority to approve or disapprove the appointment of notaries public and appointments made by the Governor to fill certain short-term vacancies); G.L. c.54 §§ 115-116 (giving the council authority to review and certify the results of state-wide elections).

[10] The Complaint also fails to specify a fundamental right that was violated by the Commonwealth Defendant's alleged behavior. *See Washington v. Glucksberg*, 521 U.S. 702, 721 (1997), *citing Reno v. Flores*, 507 U.S. 292, 302 (1993) (a substantive due process claim requires "careful description of the asserted fundamental liberty interest").

legislative, action.")  Even if the YouTube user "Governors Council" was somehow affiliated with the Massachusetts Governor's Council, that user's alleged comments do not meet the "extremely high" threshold to be considered "conscience shocking." *See J.R. v. Gloria*, 593 F.3d 73, 80 (1st Cir. 2010), *citing DePoutot v. Raffaelly*, 424 F.3d 112, 119 (1st Cir. 2005) ("the burden to show state conduct that "shocks the conscience" is extremely high, requiring "stunning" evidence of "arbitrariness and caprice" that extends beyond "[m]ere violations of state law, even violations resulting from bad faith" to "something more egregious and more extreme.")

Even if the Complaint were legally proper, because Plaintiff fails to provide any factual support for her civil rights claims against the Commonwealth Defendants, such claims should be dismissed.

## **CONCLUSION**

WHEREFORE, the Commonwealth Defendants respectfully request that all claims against them in this matter be dismissed with prejudice.

Respectfully Submitted,

GOVERNOR CHARLES BAKER,
LIEUTENANT GOVERNOR KARYN
POLITO, AND THE MASSACHUSETTS
GOVERNORS COUNCIL,
By their attorney,

MAURA HEALEY
ATTORNEY GENERAL

/s/ Timothy D. Hartnett
Timothy D. Hartnett, B.B.O. No. 679654
Assistant Attorney General
Government Bureau/Trial Division
One Ashburton Place, 18th Floor
Boston, MA  02108
timothy.hartnett@state.ma.us
(617) 963-2915

Date: August 10, 2018

## CERTIFICATE OF SERVICE

I, Timothy D. Hartnett, Assistant Attorney General, hereby certify that I have this day, August 10, 2018 served the foregoing *Memorandum of Law in Support of Motion to Dismiss Governor Charles Baker, Lieutenant Governor Karyn Polito, and the Massachusetts Governor's Council* upon all parties, by electronically filing to all ECF registered parties and by sending a copy, first class mail, postage prepaid to all unregistered parties.

/s/ Timothy D. Hartnett
Timothy D. Hartnett, BBO# 679654